Erik J. Halverson (SBN 333492)
erik.halverson@klgates.com
**K&L GATES LLP**
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8238
Fax: (415) 882-8220
erik.halverson@klgates.com

(additional counsel listed on signature block)

*Attorneys for Plaintiff Fortune Brands Water Innovations LLC*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORTUNE BRANDS WATER INNOVATIONS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>VEVOR CORPORATION; VEVOR STORE LLC; VEVOR TECHNOLOGY LLC; VEVOR EQUIPMENT INCORPORATED; SANVEN CORPORATION; SANVEN TECHNOLOGY LIMITED,<br><br>    Defendants. | Case No.  5:25-cv-01580<br><br>**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

1    Plaintiff, Fortune Brands Water Innovations LLC ("Fortune Brands"), files this complaint for patent infringement against Defendants Vevor Corporation; Vevor Store LLC; Vevor Technology LLC; Vevor Equipment Inc.; Sanven Corporation; and Sanven Technology Ltd., alleging, based on its own knowledge, and based on information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1.    This is a civil action arising under the patent laws of the United States, 35 U.S.C. § 1 et seq., including specifically 35 U.S.C. § 271, based on Vevor's willful infringement of U.S. Patent No. 12,314,063 (the "'063 Patent") ("Exhibit A").

## THE PARTIES

2.    Fortune Brands is a corporation existing under the laws of the State of Delaware with a principal place of business at 520 Lake Cook Road, Suite 300, Deerfield, Illinois 60015.

3.    On information and belief, Defendant Vevor Corporation ("Vevor Corp.") is a suspended California corporation with a principal place of business listed with the California Secretary of State at 1172 Murphy Avenue, Ste. 237, San Jose, California 95131. Vevor Corp. has appointed Angel Acuna of Christopher Huang CPAs, Inc., 1172 Murphy Avenue, Ste. 237, San Jose, California 95131, as its registered agent.

4.    On information and belief, Defendant Vevor Store LLC ("Vevor Store") is a California corporation with a principal place of business listed with the California Secretary of State at 9166 Anaheim Place 250, Rancho Cucamonga, California 91730. Vevor Store has appointed Yanping Wang, 9166 Anaheim Place 250, Rancho Cucamonga, California 91730, as its registered agent.

5.    On information and belief, Defendant Vevor Technology LLC ("Vevor Tech.") is a California corporation with a principal place of business listed with the California Secretary of State at 9166 Anaheim Place 250, Rancho Cucamonga, California 91730. Vevor Tech has appointed Xiangqin Bai, 9166 Anaheim Place 250, Rancho Cucamonga, California 91730, as its registered agent.

6. On information and belief, Defendant Vevor Equipment Inc. ("Vevor Equip.") is a Colorado corporation with a principal place of business listed with the Colorado Secretary of State at 1312 17th Street, Ste. 2110, Denver, Colorado. Vevor Equip. has appointed Rubao Jiao, 1312 17th Street, Ste. 2110, Denver, Colorado, as its registered agent.

7. On information and belief, Defendant Sanven Corporation ("Sanven") is a California corporation with a principal place of business listed with the California Secretary of State at 9166 Anaheim Place 250, Rancho Cucamonga, California 91730. Sanven has appointed Fuyu Jiao, 9448 Richmond Place, Ste. E, Rancho Cucamonga, California 91730, as its registered agent.

8. On information and belief, Sanven imports or assists in the importation of infringing products that are the subject of this lawsuit and is otherwise involved in their distribution throughout the United States.

9. On information and belief, Defendant Sanven Technology Ltd. ("Sanven Tech.") is a California corporation with a principal place of business listed with the California Secretary of State at 9166 Anaheim Place 250, Rancho Cucamonga, California 91730. Sanven Tech. has appointed Fuyu Jiao, 9448 Richmond Place, Ste. E, Rancho Cucamonga, California 91730, as its registered agent.

10. On information and belief, Vevor Corp., Vevor Store, Vevor Tech., Vevor Equip., Sanven, and Sanven Tech. (collectively, "Vevor Defendants") are related entities owned and operated under the business name "Vevor" engaged in the import of smart leak detectors from China to be sold in U.S. markets under the brand name Vevor—including the infringing products that are the subject of this lawsuit.

11. On information and belief, the Vevor Defendants were formed and/or operate for the purpose of copying popular American products and selling those products at lower prices than the original, copied products. Various of the Vevor Defendants have been sued previously for intellectual property infringement, including one in which they admitted to willful infringement.

12.   On information and belief, the Vevor Defendants individually and/or collectively import Vevor products including the infringing products that are the subject of this lawsuit into the United States, sell those products through at least the website vevor.com, distribute those products throughout the United States, and maintain physical locations throughout the State of California and elsewhere in the United States.

**JURISDICTION AND VENUE**

13.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the claims herein arise under the patent laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. § 271.

14.   Personal jurisdiction by this Court over the Vevor Defendants is appropriate at least under a specific jurisdiction and/or stream of commerce theory. This Court has personal jurisdiction over the Vevor Defendants in this action because the Vevor Defendants have committed acts of infringement within the State of California and within this District through, for example, the sale of the Smart Water Monitor and Automatic Shutoff Detector through its website vevor.com and other retailers. Additionally, the Vevor Defendants import and sell the products accused of infringing in this case and deliver those products into the stream of commerce with the expectation that they will be purchased by customers in California.

15.   The Vevor Defendants regularly transact business in the State of California and within this District. The Vevor Defendants engage in other persistent courses of conduct and derive substantial revenue from products provided in this District and in California, and have purposefully established substantial, systematic, and continuous contacts within this District and should reasonably expect to be sued in a court in this District. Given these contacts, the Court's exercise of jurisdiction over the Vevor Defendants will not offend traditional notions of fair play and substantial justice.

16.   For example, the Vevor Defendants have advertised the operation of multiple facilities and warehouses in the State of California as shown in an archived version of https://www.vevor.com/pages/about-us (archived as of June 2024):



17. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b). As detailed above, on information and belief, the Vevor Defendants have regular and established places of business throughout California and in this District. Further, the Vevor Defendants have committed acts within this District, giving rise to this action. The Vevor Defendants continue to conduct business in this District, including one or more acts of making, selling, importing and/or offering for sale infringing products or providing support service to its customers in this District.

## FORTUNE BRANDS' HISTORY OF INNOVATION
## AND THE PATENT-IN-SUIT

18. Fortune Brands is a subsidiary company of Moen Incorporation ("Moen"). Moen makes and sells a diverse line of residential and commercial plumbing products and has been an innovator in the design, application, and performance of faucets and other plumbing products, including smart leak detectors, for over 75 years.

19. Moen's history of design began in 1937 with the single-handed faucet, an invention that would revolutionize plumbing. After perfecting his invention, Al Moen began manufacture of these faucets in 1947.

20. Moen's dedication to plumbing innovation continued for the next several decades with the introduction of upscale faucets, non-metallic cartridges to prevent corrosion and mineral build-up, filtration faucets, and hands-free faucets.

21. Al Moen's legacy of plumbing innovation continues to serve as a guiding pillar of Moen's research and design. Today, Moen is well known around the world for the innovation and quality of its faucets and plumbing products, and Moen manufactures and markets its products throughout the United States.

22. Moen's extensive product line includes various kitchen faucets, bathroom appliances, smart home products, and water filtration systems. In one example, Moen's Flo Smart Water Monitor & Shutoff ("Flow Shutoff") identifies abnormalities in running water or small leaks and automatically shutoff water flow to prevent damages. The Flow Shutoff is available at https://shop.moen.com/products/flo-smart-water-monitor-and-shutoff?variant=48711213252918.



23. Resulting from this innovation, Moen has invested significant resources in its intellectual property through hundreds of patents and pending patent applications.

24. On August 11, 2023, U.S. Patent Application No. 18/448,655 was filed, claiming priority to U.S. Provisional Application No. 61/766,105, filed February 18, 2013.

25. On May 27, 2025, U.S. Patent Application No. 18/448,655 was duly and legally issued by the United States Patent and Trademark Office as the '063 Patent, titled "Fluid Monitoring and Control System." The claims of the '063 Patent are directed to "[a] fluid control device." Ex. A, at Abstract.

-5-
ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

26. Fortune Brands is the assignee of the entire right, title, and interest in numerous United States patents, including the '063 Patent.

27. Fortune Brands complied with its obligations under 35 U.S.C. § 287 by providing actual notice to the Vevor Defendants of their infringement through the filing of this Complaint.

## THE VEVOR DEFENDANTS' INFRINGING CONDUCT

28. On information and belief, the Vevor Defendants are a collection of companies, including, but not limited to, all Defendants, and individuals engaging in online commerce of through sales of various equipment and tools via its website, www.vevor.com and several third-party platforms, including Amazon.com, Walmart.com, and eBay.com.

29. The Vevor Defendants sell foreign-manufactured products that copy well-made products of small business and innovator companies. As part of these efforts, the Vevor Defendants import and sell the "Smart Water Monitor and Automatic Shutoff Detector" (the "Vevor Water Monitor") (depicted below) in the United States.



30. The Vevor Water Monitor is available through the Vevor Defendants' website and at least the following online retailers: Amazon, Walmart, and eBay.

31. On information and belief, the Vevor Defendants directly and/or indirectly offer their infringing products at least online to sell and distribute products throughout the United States, including in this District.

32. The Vevor Defendants have consistently engaged in a pattern of misappropriating and infringing intellectual property of others. As a result of this infringing conduct, the Vevor Defendants have been sued for infringement of intellectual property at least eight times since 2016:

- *Heattrak, LLC. v. Vevor Corp. et al.*, 2:24-cv-00463 (N.D.J. Jan. 25, 2024) (alleging patent infringement and unfair competition);
- *Vita-Mix Corp. v. Vevor Corp. et al.*, 2:23-cv-01541 (C.D. Cal. March 1, 2023) (alleging patent infringement, trade dress infringement, and unfair competition);
- *Nautilus, Inc. v. Vevor Corp. et al.*, 5:22-cv-01020 (C.D. Cal. Jun 22, 2022) (alleging patent infringement and trademark infringement);
- *Summit Tool Co. v. Vevor Corp. et al.*, 2:22-cv-2161 (C.D. Cal. March 31, 2022) (alleging trademark infringement, trade dress infringement, and unfair competition);
- *Schluter Systems, L.P. v. Sanven Corp. et al.*, 8:22-cv-00155 (N.D.N.Y. Feb. 17, 2022) (alleging trademark infringement and unfair competition);
- *Motion Pro, Inc. v. Vevor Corp. et al.*, 1:21-cv-03380 (D. Colo. Dec 16, 2021) (alleging patent infringement);
- *Gen. Wire Spring Co. v. Vevor Corp.*, 3:20-cv-00087 (N.D. Cal. Jul 6, 2020) (alleging trade dress infringement, trademark infringement, and unfair competition);
- *Stahls' Inc. v. Vevor Corp. et al.*, 2:16-cv-10204 (E.D.MI. Jan 21, 2016) (alleging patent infringement, trademark infringement, copyright infringement, unfair competition, misappropriation, deceptive trade practices and unjust enrichment).

33. On information and belief, the Vevor Defendants attempt to avoid service and liability, in part, by closing, opening, and renaming companies to shift ownership and responsibility for its assets.

-7-
ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

34. For example, the Vevor Defendants have repeatedly failed to file their corporate renewal paperwork.

35. The Vevor Defendants have also reassigned their trademark rights without any apparent transfer of the business.

36. On information and belief, the Vevor Defendants attempt to avoid service and liability, in part, by removing and installing individuals from executive positions.

37. For example, the Vevor Defendants have repeatedly removed, demoted, or promoted executives, including hiring and promoting family members of former executives and registered agents.

38. On information and belief, the Vevor Defendants attempt to avoid service and liability, in part, by changing its physical and electronic contact information, using P.O. Box addresses, and using generic emails such as salessupermarket@outlook.com.

39. In many instances, the Vevor Defendants do not update the physical address for each Defendant company.

40. For example, Vevor has repeatedly changed its website, terms of service, and other public statements, including in response to litigants in previously filed lawsuits that established communication through contact information provided by Vevor.

41. Based on these practices, plaintiffs often have difficulty executing service on Vevor entities. *See, e.g., Nautilus, Inc. v. Vevor Corp. et al.*, 5:22-cv-01020, ECF No. 77 (C.D. Cal. Dec. 1, 2022) (order granting plaintiff's motion for alternative service); *Vita-Mix Corp. v. Vevor Corp. et al.*, 2:23-cv-01541, ECF No. 45 (C.D. Cal. Aug. 7, 2023) (order granting plaintiff's motion for alternative service); *Motion Pro, Inc. v. Vevor Corp. et al.*, 1:21-cv-03380, ECF No. 26 (D. Colo. April 5, 2021) (order granting plaintiff's motion for default based on plaintiff's motion for acceptance of service or in motion for alternative service).

-8-
ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

# COUNT I
## INFRINGEMENT OF THE '063 PATENT

42. Fortune Brands realleges and incorporates by reference the allegations in Paragraphs 1 to 41 of this Complaint as if set forth herein.

43. On information and belief, as detailed in the attached non-limiting claim chart ("Exhibit B"), the Vevor Defendants have directly infringed and are directly infringing claims of the '063 Patent, including at least Claim 1, literally and/or under the doctrine of equivalents in violation of 35 U.S.C. § 271(a) by manufacturing, using, offering to sell, selling, and/or importing infringing products, including, but not limited to, the Vevor Smart Water Monitor and Automatic Shutoff Detector and other products substantial similar to the Vevor Smart Water Monitor and Automatic Shutoff Detector.

44. On information and belief, the Vevor Defendants have engaged in the foregoing conduct with respect to the patented invention in this District and elsewhere in the United States without authority from Fortune Brands and during the term of the '063 Patent.

45. On information and belief, the Vevor Defendants' infringement of the '063 Patent has caused, and will continue to cause, Fortune Brands to suffer damages in an amount to be determined at trial.

46. On information and belief, the Vevor Defendants' infringement of the '063 Patent is causing irreparable harm for which Fortune Brands has no adequate remedy at law unless the Vevor Defendants (and anyone working in concert with the Vevor Defendants) are enjoined by this Court. Under 35 U.S.C. § 283, Fortune Brands is entitled to a permanent injunction against further infringement of the '063 Patent. For example, on information and belief, the Vevor Defendants' infringement of the '063 Patent will result in loss of market share for Fortune Brands. Such losses cannot be adequately compensated for in money damages.

47. On information and belief, the Vevor Defendants' infringement of the '063 Patent will expose Fortune Brands to loss of pricing discretion for Fortune Brands'

products, including the Moen Flo Smart Water Monitor and Automatic Shutoff Sensor and price erosion whose magnitude and adverse effects cannot be adequately compensated for in money damages.

48. Thus, the Vevor Defendants are liable to Fortune Brands in an amount that compensates it for such infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

49. No later than the filing and service of this Complaint, the Vevor Defendants have had knowledge of the '063 Patent and their infringement. Despite this, the Vevor Defendants continue to willfully infringe the '063 Patent.

50. In light of at least the Vevor Defendants' willful infringement, this case is exceptional under 35 U.S.C. § 285, entitling Fortune Brands to costs and attorneys' fees incurred in prosecuting this action.

## PRAYER FOR RELIEF

WHEREFORE, Fortune Brands prays for the following judgment and relief against the Vevor Defendants:

A. The Court find that the Vevor Defendants have directly infringed the '063 Patent and hold the Vevor Defendants liable for such infringement;

B. The Court issue an order pursuant to 35 U.S.C. § 283 preliminarily and permanently enjoining the Vevor Defendants, and anyone acting or participating by, through or in concert with the Vevor Defendants, from infringing the '063 Patent;

C. The Court award damages pursuant to 35 U.S.C. § 284 adequate to compensate Fortune Brands for the Vevor Defendants' infringement of the '063 Patent, including lost profits and/or a reasonable royalty, such damages to be determined by a jury;

D. The Court award Fortune Brands treble damages as a result of the Vevor Defendants' willful infringement;

E. The Court award Fortune Brands pre- and post-judgment interest at the maximum rate allowed by law;

  F. The Court declare that this is an exceptional case within the meaning of 35 U.S.C. § 285 and that Fortune Brands be awarded its reasonable attorneys' fees, expenses, and costs incurred in connection with this action; and

  G. The Court award such other relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38(b), Fortune Brands hereby demands a jury trial on all issues so triable.

Dated: June 24, 2025

Respectfully submitted,

By: */s/ Erik J. Halverson*
Erik J. Halverson (SBN 333492)
erik.halverson@klgates.com
**K&L GATES LLP**
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8238
Fax: (415) 882-8220
erik.halverson@klgates.com

Devon C. Beane (*pro hac vice* forthcoming)
Jared R. Lund (*pro hac vice* forthcoming)
**K&L GATES LLP**
70 W. Madison St., Suite 3300
Chicago, IL 60602
Telephone: (312) 372-1121
Fax: (312) 827-8000
devon.beane@klgates.com
jared.lund@klgates.com

Connor J. Meggs (SBN 336159)
connor.meggs@klgates.com
**K&L GATES LLP**
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA 90067
Telephone: (310) 552-5000
Fax: (310) 552-5001

*Attorneys for Plaintiff*
*Fortune Brands Water Innovations LLC*

-12-
ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT