JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORTUNE BRANDS WATER INNOVATIONS LLC, <br><br> Plaintiff, <br><br> v. <br><br> VEVOR CORP., *et al.*, <br><br> Defendants. | No. ED CV 25-1580−DMG (MAAx) <br><br> **CONSENT JUDGMENT, PERMANENT INJUNCTION, AND DISMISSAL WITH PREJUDICE [51]** |

CONSENT JUDGMENT, PERMANENT INJUNCTION, AND DISMISSAL WITH PREJUDICE

The Parties hereto having agreed to a settlement of the claims between them, and having stipulated to the entry of this consent judgment, it is hereby ORDERED, ADJUDGED, AND DECREED:

1.  Defendants Vevor Corp., Vevor Store, LLC, Vevor Technology LLC, Sanven Corp., and Sanven Tech. Ltd. (collectively "Vevor") did not timely contest the personal jurisdiction of this Court in this civil action ("Action"). Accordingly, any such objections were waived in this Action and this Court has jurisdiction over Defendants for the purpose of this Consent Judgment and Permanent Injunction ("Judgment") and over the subject matter of the issues in this Action and any action arising out of this Judgment. This Court retains jurisdiction for the purpose of executing and enforcing this Judgment.

2.  Fortune Brands Water Innovations LLC ("Fortune Brands") is the sole owner of all rights, title, and interest in the United States Patent No. 12,315,063 (the "'063 Patent") asserted against Defendants in this Action.

3.  Defendants acknowledge and concede for all purposes that all claims of the '063 Patent are valid and enforceable.

4.  Defendants represent and warrant that as of the date of the Consent Judgment, they have discontinued all sales of Vevor's Smart Water Monitor and Automatic Shutoff Detector ("the Accused Products") and all colorable variations of the Accused Products to and in the United States. Defendants represent and warrant that as of the date of the Consent Judgment, they have discontinued all manufacture, use, offer to sell, and importation into the United States of the Accused Products.

5.  Until the expiration of the Asserted Patent, Defendants, including any of their successors and assigns, are enjoined from making, having made, using, selling, offering to sell, importing, and/or distributing the Accused Products and any merely colorable variation of the Accused Products in the United States, unless and to the extent otherwise explicitly authorized by Fortune Brands.

6. Until the expiration of the Asserted Patent, Defendants, including any of their successors and assigns, are enjoined from inducing others to make, have made, use, sell, offer to sell, import, and/or distribute the Accused Products and any merely colorable variation of the Accused Products in the United States, unless and to the extent otherwise explicitly authorized by Fortune Brands.

7. Compliance with this Judgment may be enforced by Fortune Brands and its respective successors-in-interest or assigns in this Court.

8. This action, including all claims, defenses, and/or counterclaims brought by Plaintiff or Defendants (Plaintiff and Defendants collectively the "Parties"), are hereby **DISMISSED with prejudice** pursuant to a Settlement Agreement (the "Agreement") executed by the Parties on December 16, 2025.

9. The Parties consent to personal jurisdiction by and proper venue in the United States District Court for the Central District of California, Western Division, for any claims arising under or for the breach of the Agreement.

10. Each Party shall bear its own attorneys' fees, expenses, and costs and waives all rights to appeal this dismissal.

11. All dates and deadlines are hereby **VACATED**.

DATED: February 4, 2026

_____
DOLLY M. GEE
Chief United States District Judge